IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.       ) | Case No.  14-214 |
| ) | |
| DARREN A. DUNHAM,      ) | |
| ) | |
| Defendant.       ) | |
| ) | |

**COMPLAINT FOR PERMANENT INJUNCTION**

The United States brings this action to enjoin Darren A. Dunham, any entity through which he conducts business, and all persons and entities in active concert or participation with him, from

(a) Preparing, filing, or assisting in the preparation or filing of any federal tax return, amended return, or other related document or form for any other person or entity;

(b) Providing any tax advice or services for compensation, including preparing or filing returns, representing or appearing on behalf of any person, other than himself, before the Internal Revenue Service;

(c) Guaranteeing any person the payment of a federal tax refund or the allowance of any tax credit, or engaging in conduct subject to penalty under 26 U.S.C. § 6695, i.e., failing to exercise due diligence in determining eligibility for the Earned Income Tax Credit ("EITC"), or endorsing or otherwise negotiating, directly or through an agent, any check issued to a taxpayer and made in respect of taxes; and

(d) Engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws through the preparation or filing of tax returns.

## Jurisdiction and Venue

1. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury, and commenced at the direction of a delegate of the Attorney General under §§ 7402 and 7407 of the Internal Revenue Code, 26 U.S.C. (the "Code").

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and Code § 7402(a).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the actions giving rise to this suit took place in this district.

## Defendant and his Improper Activities

4. Darren A. Dunham is currently incarcerated in Terre Haute, Indiana at the Terre Haute Federal Correctional Institution.

5. Dunham is a tax return preparer as defined by Code § 7701(a) (36). He prepared other persons' federal tax returns for compensation during at least 2010 and 2011.

6. In 2010, Dunham began conducting a tax return preparation business named D.A.D's. Income Tax Service, a sole proprietorship he operated out of Lafayette Indiana, Chicago Illinois, Kokomo, Indiana, and Indianapolis, Indiana.

7. Prior to running his own tax preparation business, Dunham was the Director of Home with Hope ("HWH"), a drug rehabilitation center in Lafayette, Indiana. Dunham solicited customers for his tax preparation business by recruiting rehabilitation patients of HWH, knocking on doors in low-income apartment complexes, and through word-of-mouth.

8. During at least 2010 and 2011, Dunham knowingly prepared false federal income tax returns for customers by reporting fictitious income he claimed his customers earned from

babysitting or housekeeping.  Dunham fabricated that income in order to fraudulently claim earned income tax credits for his customers that resulted in them wrongly receiving tax refunds.

9.  On January 17, 2012, Dunham pled guilty in this Court in Case No. 2:11 CR 99 to five counts of aiding and assisting in the preparation of materially false federal income tax returns in violation of Code § 7206(2).  This criminal conduct occurred in Lafayette, Indiana.  Dunham also admitted to assisting in filing false returns in the Southern District of Indiana.

10.  Dunham admitted in his plea agreement that his improper return practice resulted in a tax loss between $400,000 and $1 million.

11.  Due to Dunham's fraudulent conduct, his customers are liable for the erroneous refunds that were issued to them and may be liable for penalties and interest as a result.

12.  Without an injunction, Dunham is likely to continue preparing false or fraudulent tax returns causing harm to his customers, the government, and the general public.  An injunction will serve the public interest.

13.  Pursuant to Dunham's plea agreement, he consented to being permanently enjoined under §§ 7402 and 7407 from preparing or filing federal tax returns for anyone other than himself.

14.  After pleading guilty to assisting in the preparation of false returns and subsequently being released on bond, Dunham's bond was revoked and he was detained because he continued his criminal behavior—filing false tax returns for others.  Dunham was subsequently sentenced to 120 months in prison and one year of supervised release for his criminal activity of assisting others in filing false tax returns.  He is scheduled to be released from prison on December 27, 2020.

15.  The IRS has listed "return preparer fraud" on its annual "dirty dozen" tax scams to avoid:  http://www.irs.gov/uac/Newsroom/IRS-Releases-the-Dirty-Dozen-Tax-Scams-for-2013.

## Count I – Injunction under Code § 7407

16. The United States incorporates by reference the allegations contained in paragraphs 1 through 15.

17. Code § 7407 authorizes a court to enjoin a tax return preparer if, *inter alia*, the court finds that the return preparer has: (1) guaranteed the payment of any tax refund or the allowance of any tax credit or (2) engaged in conduct subject to penalty under Code § 6695 and that injunctive relief is appropriate to prevent the recurrence of the conduct.

18. In Dunham's plea agreement, he admitted that he convinced many of his customers to file federal tax returns by "promising that they would receive a refund." Dunham's promise or guarantee of tax refunds to his customers constitutes prohibited conduct under § 7407.

19. Code § 6695(f) imposes a penalty on a return preparer who endorses or otherwise negotiates, directly or through an agent, any check issued to a taxpayer and made in respect of taxes.

20. The tax refunds of Dunham's customers, issued by the IRS as a result of the returns falsely prepared by Dunham, were deposited in a bank account controlled by Dunham. After those funds were deposited, Dunham gave his customers a portion of the money and kept the remainder. This conduct by Dunham violates § 6695(f).

21. Code § 6695(g) penalizes return preparers who fail to exercise due diligence in determining eligibility for the EITC.

22. Dunham manipulated the EITC, which is for the benefit of working people who have low to moderate income. He repeatedly prepared returns knowingly using fabricated figures in order to take advantage of the EITC and ultimately result in erroneous tax refunds. Dunham's actions violate § 6695(g).

23.  After pleading guilty to assisting in preparing false returns, Dunham continued to engage in that criminal conduct.

24.  Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Dunham is likely to continue preparing false federal income tax returns while incarcerated and/or after his release from prison.  Given that Dunham engaged in criminal conduct even after his plea, the continual repeated nature of his conduct, and the fact that he preyed on customers, an injunction backed by the court's contempt powers is necessary and appropriate to ensure Dunham obeys the law and the United States has a remedy if he violates it.

25.  Dunham will likely continue to interfere with the proper administration of the tax laws even if the particular behavior described in this Complaint is enjoined.  Accordingly, Dunham should be permanently enjoined under Code § 7407 from acting as a tax return preparer.

### Count II - Injunction under Code § 7402

26.  The United States incorporates by reference the allegations contained in paragraphs 1 through 25.

27.  Code § 7402(a) authorizes courts to issue injunctions as may be necessary or appropriate to enforce the internal revenue laws.

28.  Dunham, through the actions described above, has engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and is likely to continue to engage in such conduct unless enjoined by this Court.  His conduct is causing irreparable injury to the United States and an injunction under Code § 7402(a) is necessary and appropriate.

29.  The Court should order injunctive relief under Code § 7402(a).

WHEREFORE, the United States requests the following relief:

A.  The Court find that Dunham has guaranteed the payment of federal tax refunds and that injunctive relief is appropriate under Code § 7407 to prevent recurrence of that conduct, and that injunctive relief limited to prohibiting such conduct would not be sufficient to prevent Dunham's interference with the proper administration of the Internal Revenue Code;

B.  The Court find that Dunham has continually and repeatedly engaged in conduct subject to penalty under Code § 6695, that injunctive relief against him and anyone acting in concert with him is appropriate under Code § 7407 to prevent recurrence of that conduct, and that injunctive relief limited to prohibiting such conduct would not be sufficient to prevent Dunham's interference with the proper administration of the Internal Revenue Code;

C.  The Court enter a permanent injunction prohibiting Dunham, and any entity through which he conducts business and all persons and entities in active concert or participation with him, from directly or indirectly:

1. Preparing, filing, or assisting in the preparation or filing of any federal tax return, amended return, or other related document or form for any other person or entity;

2. Providing any tax advice or services for compensation, including preparing or filing returns, representing or appearing on behalf of any person, other than himself, before the Internal Revenue Service;

3. Guaranteeing any person the payment of a federal tax refund or the allowance of any tax credit, or engaging in conduct subject to penalty under 26 U.S.C. § 6695, i.e., failing to exercise due diligence in determining eligibility for the Earned Income Tax Credit ("EITC") or endorsing or otherwise negotiating, directly or through an agent, any check issued to a taxpayer and made in respect of taxes; and

4. Engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws through the preparation or filing of tax returns.

D. The Court allow the United States full post-judgment discovery to monitor compliance with the injunction; and

F.  The Court grants the United States such other and further relief as the Court deems appropriate.

Dated: June 20, 2014

                                            Respectfully submitted,

TAMARA W. ASHFORD
Acting Assistant Attorney General
U.S. Department of Justice
Tax Division


 /s/ LaQuita Taylor-Phillips
LaQuita Taylor-Phillips
Trial Attorney
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-7945
Facsimile: (202) 514-6770
LaQuita.Taylor-Phillips@usdoj.gov